IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| Roderick Sharpe, | ) | Case No.: 03-04644-BGC-13 |
| Debtor. | ) | |
| Roderick Sharpe and Linda Sharpe, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | A. P. No.: 04-00250 |
| Wells Fargo Home Mortgage, | ) | |
| Defendant. | ) | |

**ORDER**

The matter before the Court is a <u>Motion for Summary Judgment</u> filed on July 12, 2005, by the defendant Wells Fargo Home Mortgage. After notice, oral arguments were held on August 9, 2005. Appearing were Lee Loder for the Plaintiffs and Thomas Tutten for the Defendant. The matter was submitted on the arguments of counsel, the pleadings, and the evidence submitted for and against the motion.

**I. Summary Judgment Standard**

Under Rule 56(c) of the Federal Rules of Civil Procedure, applicable to this proceeding by Bankruptcy Rule 7056, a moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. <u>See</u> Fed. R. Bankr. P. 7056.

The record, including all evidence and factual inferences, must be construed in the light most favorable to the nonmoving party. <u>See</u> <u>Lofton v. Secretary of Dept. of Children and Family Services</u>, 358 F.3d 804, 809 (11th Cir. 2004); <u>Johnson v. Governor of State of Fla.</u>, 353 F.3d 1287, 1292 (11th Cir. 2003) (on summary judgment, "the district court must view all evidence in the light most favorable to the non-moving party and resolve all reasonable doubts about the facts in its favor.").

The framework for determining whether there exists a genuine issue as to a given material fact, therefore precluding summary judgment, is outlined in the Eleventh Circuit Court of Appeals decision in Fitzpatrick v. City of Atlanta, 2 F.3d 1112 (11th Cir. 1993). The Court has followed that framework in determining whether there are any genuine issues of material fact in this proceeding.

## II. Findings of Fact

### A. Background

The plaintiffs executed a note with Southern Atlantic Financial Services, Inc. on May 15, 1998, for a loan of $51,300. In exchange, they gave Southern a security interest in certain real estate on which they have a home. Southern transferred its interest in the property and the note to the defendant's predecessor on June 3, 1998.

Prior to filing the pending case, the plaintiffs failed to make all required mortgage payments. When this case was filed on May 28, 2003, they were, according to an amended plan dated October 9, 2003, about $9,500 in arrears.

After filing this case, the plaintiffs again became delinquent in their payments. In response, the defendant filed a Motion for Relief from Stay and Motion for Relief from Co-Debtor Stay on August 28, 2003, seeking permission to foreclose its mortgage. That motion was resolved when the parties entered into an agreement regarding the plaintiffs' future mortgage payments. That agreement was incorporated into an order entered by this Court on November 19, 2003. The pertinent parts of that order are:

1. The Debtors shall resume making the regular monthly mortgage payment unto the Creditor, presently in the amount of **$531.95**, beginning **OCTOBER 20, 2003**.

   ..............

3. The automatic stay of Section 362(a) is hereby MODIFIED to provide future relief unto the Creditor as follows: should the Debtors default under the terms of this order, or the terms of the mortgage contract, by the failure to make a payment which is received by the Creditor within thirty (30) days from the date that it becomes due beginning on or before OCTOBER 20, 2003, then the automatic stay of Section 362 terminates as to the Creditor without further notice or order. The waiver of any default occurring under this order shall not constitute a waiver as toward any subsequent default occurring under this order.

Order on Motion for Relief from Automatic Stay, November 19, 2003, Proceeding No. 21.

Contending that the plaintiffs did not make all payments after entering into the above agreement and therefore that the stay lifted, in June 2005 the defendant began foreclosure proceedings against the plaintiffs. That process ended with a foreclosure sale on August 30, 2004.

### B. Contentions and Issues

The defendant contends in its summary judgment motion that the plaintiffs did not make all of their scheduled mortgage payments. Based on that contention, the defendant argues that when the plaintiffs did not make all payments, the stay lifted pursuant to the Court's November 19, 2003, order and therefore, the defendant was free to exercise its state law remedy of foreclosure.

The plaintiffs contend that they made all of the payments required by the November order and their mortgage and note. As such, they conclude that the stay did not lift and therefore any action the defendant took in regard to foreclosure violated the stay. In their complaint, the debtors specifically contend that the defendant's actions constituted a breach of contract (count one); wrongful foreclosure (count two); conversion (count three); trespass (count four); and a violation of the automatic stay (count five).

Consequently, for purposes of the pending motion, the pertinent issue is: Did the stay lift by operation of the November order? To answer that question, all this Court need determine is whether the plaintiffs made all of the mortgage payments required by the November 19, 2003, order and the parties' security agreement and note?[1]

---

[1] As explained above, the moving party is entitled to summary judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. While these parties may not agree about what payments were made, (thereby signaling an issue of fact), for purposes of the pending motion for summary judgment, **the defendant-moving party accepts as true Exhibit A submitted by the plaintiffs** in their response and opposition to the motion for summary judgment. Therefore, the Court finds, for purposes of the motion, (and in particular because of the limited issue of whether the stay lifted by operation of the Court's November 19, 2003, order), that there is no genuine issue of material fact.

Consequently, the only factual issues are what mortgage payments did the plaintiffs make and when did they make those payments. Exhibit A attached to the plaintiffs' response and opposition to the motion for summary judgment contains those facts. And because the defendant-moving party accepts those facts in Exhibit A as true, for purposes of the motion, as does the Court, there is no genuine issue of material fact.

On the other hand, the plaintiffs argue that there are genuine issues of material facts. They contend that all payments were made but were not properly accounted for by the

3

As the evidence discussed below proves, the plaintiffs did not make all of the scheduled payments and consequently the stay lifted. Therefore, because the stay lifted, the defendant did not violate the stay when it foreclosed on the plaintiffs' mortgage. And therefore, because the defendant did not violate the stay, it is entitled to judgment as a matter of law and its motion is due to be granted. And, because the remainder of the plaintiffs' causes of action are based on the alleged stay violation, the defendant is entitled to judgment on those counts as well.

### C. Additional Findings of Fact

The chart below summarizes the plaintiffs' rendition of what payments were made in response to the Court's November 19, 2003, order.

| Date Payment Made (According to the Debtors' Exhibit A) | Amount of Payment | Nature of Payment (According to the Attachments to Debtors' Exhibit A) | This Court's Designation of Mortgage Month Satisfied by the Specific Payment |
|---|---|---|---|
| 9-23-03 | $480.00 | Check #1904 (This check includes the notation "Sept" next to the "For" line.) | September 2003 |
| 11-03 | $480.00 | Check #1939 (This check is not dated.) | October 2003 |
| 12-24-03 | $480.00 | Check #804 | November 2003 |
| 1-04 | $480.00 | Check #1969 (This check is dated 1-04 only.) | December 2003 |
| 3-04 | $480.00 | Western Union Payment (This item is dated both "3/2004" and "8/30/04") | January 2004 |
| 4-26-04 | $485.00 | Check #2006 (A copy of this check is not attached) | February 2004 |
| 5-26-04 | $485.00 | Check #2014 | March 2004 |
| 6-27-04 | $485.00 | Check #2024 | This Check was Returned |

---

defendant. While the parties might disagree about those facts, those facts are not material in light of acceptance by both parties of the plaintiffs' Exhibit A.

4

The information in this chart agrees in most part with Exhibit G attached to the defendant's Motion for Summary Judgment. Where there are differences between the facts in plaintiffs' Exhibit A and defendant's Exhibit G, for purposes of the motion, the defendant is willing to concede to the plaintiffs' facts. Consequently, as required, this Court is viewing the facts in a light most favorable to the plaintiffs.

Based on the above, it is clear that the plaintiffs did not make all payments required and did not make those payments timely under their note and mortgage or under the Court's November 19, 2003, order. At best for the plaintiffs, when the defendant began foreclosure proceedings in June 2005, the plaintiffs were at least two months in arrears on their mortgage payments. Therefore, by the time the defendant began its foreclosure proceedings in June 2005, the stay had lifted by operation of the November 19 order.

Based on the above, if the stay lifted, the defendant cannot be guilty of violating the stay. And therefore, because the defendant did not violate the stay, it is entitled to judgment as a matter of law and its motion is due to be granted. Because the remainder of the plaintiffs' causes of action are based on the alleged stay violation, the defendant is entitled to judgment on those counts as well.

### Order

Based on the above, it is therefore **ORDERED, ADJUDGED and DECREED** that:

1. The Motion for Summary Judgment is **GRANTED**.

2. The relief prayed for in the Complaint is **DENIED**.

3. Judgment is entered for the defendant and against the plaintiffs, on all counts;

4. This order is a written opinion for purposes of the E-Government Act, Pub. L. No. 107-347.

Dated: January 3, 2006           /s/Benjamin Cohen
                                 BENJAMIN COHEN
                                 United States Bankruptcy Judge