IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Roderick Sharpe, | ) | Case No.: 03-04644-BGC-13 |
| | ) | |
| Debtor. | ) | |
| | | |
| Roderick Sharpe and | ) | |
| Linda Sharpe, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | A. P. No.: 04-00250 |
| | ) | |
| Wells Fargo Home Mortgage; | ) | |
| GE Mortgage Services, LLC | ) | |
| fka GE Capital Mortgage Services, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**
**and**
**NOTICE OF STATUS CONFERENCE**

The matters before the Court are: 1) <u>The Plaintiff's Motion for Summary Judgment Against Defendants' Wells Fargo and GE Mortgage on Counts One (Breach of Contract), Two (Wrongful Foreclosure), Three (Conversion) & Four (Trespass)</u> filed on October 9, 2006; and 2) the Plaintiffs' request for jury trial as to all counts made in the Plaintiffs' First Amended Adversarial Complaint for Wrongful Foreclosure, Breach of Contract, Conversion, Trespass & Violation of Automatic Stay, Estoppel, Fraud, Unjust Enrichment & Breach of Fiduciary Duty.

After notice, a hearing was held on November 8, 2006. Appearing were the Plaintiffs; their attorney Lee Loder; Stephen Porterfield and Robin Beardsley for Wells Fargo Home Mortgage; and Mark Cline, a representative for Wells Fargo Home Mortgage. The parties were given a deadline of November 29, 2006, to file supplemental briefs and the matter was submitted on the arguments of counsel and the pleadings.

**I. Summary Judgment Standards**

Under Rule 56(c) of the Federal Rules of Civil Procedure, applicable to this proceeding by Bankruptcy Rule 7056, a moving party is entitled to summary judgment

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Fed. R. Bankr. P. 7056.

The framework for determining whether there exists a genuine issue as to a given material fact, therefore precluding summary judgment, is outlined in the Eleventh Circuit Court of Appeals decision in Fitzpatrick v. City of Atlanta, 2 F.3d 1112 (11th Cir. 1993).

In addition, the record, including all evidence and factual inferences, must be construed in the light most favorable to the nonmoving party. See Lofton v. Secretary of Dept. of Children and Family Services, 358 F.3d 804, 809 (11th Cir. 2004); Johnson v. Governor of State of Fla., 353 F.3d 1287, 1292 (11th Cir. 2003) (on summary judgment, "the district court must view all evidence in the light most favorable to the non-moving party and resolve all reasonable doubts about the facts in its favor.").

The Court has followed these standards in this matter.

## II.  Conclusion

This is the second motion for summary judgment in this proceeding.  Once again the Court has reviewed the record.  And once again the Court must find that there are genuine issues of material fact that prevent summary judgment in favor of any party.  This is particularly true in regard to the Plaintiffs' First Amended Complaint.  That complaint added significant grounds to the parties' controversies.  This Court simply cannot resolve those matters without a full trial on the merits.

## III.  Pending Matter

When the plaintiffs filed their First Amended Complaint on August 23, 2006, they made a demand for a jury trial on all issues.  The defendants have not responded to that demand, however, the Court previously granted a defendant's motion to strike an earlier demand.  Because of that earlier ruling, the Court should consider the current demand.  Therefore, a status conference on the plaintiffs' jury demand should be held.  If the defendants want to respond to the demand, they may do so at least one week before the status conference.

Based on the above, it is **ORDERED, ADJUDGED AND DECREED** that:

1.  The Plaintiff's Motion for Summary Judgment Against Defendants' Wells Fargo and GE Mortgage on Counts One (Breach of Contract), Two (Wrongful Foreclosure), Three (Conversion) & Four (Trespass) is **DENIED**;

2

Case 04-00250-BGC    Doc 89    Filed 02/08/07    Entered 02/08/07 15:21:28    Desc Main
Document      Page 2 of 3

2. A status conference on the plaintiffs' request for jury trial will be held at **10:30 a.m. on March 7, 2007, in Courtroom 4** of the Robert S. Vance Federal Building, 1800 Fifth Avenue North, Birmingham, Alabama.

Dated: February 8, 2007         /s/Benjamin Cohen
                                BENJAMIN COHEN
                                United States Bankruptcy Judge

BC:pb